## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

### CASE NO:

JASON HEALEY, and all others similarly
situated under 29 U.S.C. § 216(b),

      Plaintiff(s),
      v.

MARK ALLEN,

      Defendant.

_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, JASON HEALEY ("Plaintiff") pursuant to 29 U.S.C. § 216(b) files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, MARK ALLEN ("Defendant") and alleges the following:

## INTRODUCTION

1.     Within the past three (3) years Defendant has been the owner and corporate officer of a driving school that employed hundreds of driving Instructors throughout the State of Florida to provide teaching services at various locations. Defendant requires each of these Instructors to complete an initial training period which requires the Instructors to perform more than 40 hours of work in their initial workweek. During these training periods, the Instructors are required to attend

courses and observe others, and *are not* primarily engaged in teaching. Defendant failed to provide applicable federal overtime wages to Plaintiff and all other similarly situated Instructors during the training period of their employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201–216, to recover all federal overtime wages that Defendant refused to pay Plaintiff and others during the past three (3) years.

<u>**PARTIES**</u>

2.      During all times material hereto, Plaintiff was a resident of Volusia County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      During all times material hereto, Defendant was a resident of St. John's County, Florida, within the jurisdiction of this Honorable Court.

4.      Defendant resides at 24469 Harbour View Drive, Ponte Vedra Beach, Florida 32082.

5.      During all times material hereto, Defendant was the owner and corporate officer of All Florida Safety Institute, LLC[1], an organization that provided driving school services and instruction throughout the State of Florida.

---

[1] Notwithstanding that All Florida Safety Institute, LLC, is **not** an indispensable party to this case, during the relevant time period, All Florida Safety Institute, LLC, employed two or more individuals who handled goods that were moved in interstate commerce, including cell phones, pencils, pens, paper, tape, envelopes, stamps, markers, staplers, staples, invoices, cash, checks, masks, cardboard, packages, vehicles, trucks, technological equipment, mail, phone chargers, pepper spray, phone mounts, gasoline, credit cards, debit cards, vests, and uniforms. All Florida

6.     Defendant oversaw the operations of his company from his office at 820 Highway A1A North, Suite W12-A, Ponte Vedra Beach, Florida 32082, where he created, implemented, and enforced the unlawful pay policies alleged herein.

7.     During all times material hereto, Defendant regularly supervised Plaintiff's work, set Plaintiff's schedule, and had the authority to hire and fire employees, including Plaintiff.

8.     During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

9.     Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

10.     The acts and/or omissions giving rise to this dispute took place within St. John's County, Florida, which falls within the jurisdiction of this Honorable Court.

11.     Defendant regularly transacts business in St. John's County, Florida.

---

Safety Institute, LLC, also grossed in excess of $500,000.00 in 2019, 2020, 2021, and is expected to gross in excess of $500,000.00 in 2022. In January, February, and March of 2022 All Florida Safety School, LLC, grossed in excess of $125,000.00. In April, May, and June of 2022 All Florida Safety School, grossed in excess of $125,000.00. In July, August, and September of 2022 All Florida Safety School, grossed in excess of $125,000.00.

12.    Defendant is a joint employer as that term is defined under the FLSA and is therefore subject to jurisdiction under the FLSA.

13.    Jurisdiction is proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

14.    Venue is also proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

15.    In order to meet the demand of his customers, Defendant has employed hundreds of Instructors within the past 3 years who travel throughout Florida to various sites to teach and otherwise provide driving instruction.

16.    Defendant requires each of these Instructors to complete an initial training period which requires the Instructors to perform more than 40 hours of work in their initial workweek.

17.    During the initial training periods the Instructors are required to attend courses and observe others during ride-alongs, but are not primarily engaged in teaching during this period of time.

18.    Defendant does not compensate the Instructors federal overtime wages during their training period even though they are working more than 40 hours per week and are not primarily engaged in teaching or instruction.

19.     Plaintiff worked for Defendant as an Instructor from March 1, 2022, until September 12, 2022, when he was terminated for submitting complaints about unlawful overtime policies addressed in this lawsuit.

20.     Defendant agreed to pay Plaintiff $18.00 per hour during his training period.

21.     Defendant required Plaintiff to undergo the same training period it requires of all other Instructors it employs.

22.     Defendant enforces these unlawful pay policies uniformly across the State of Florida from the headquarters he operates in St. John's County.

23.     Plaintiff performed more than 40 hours of work during this training period and was not compensated the applicable federal overtime wages for this work.

24.     Although Defendant was aware that Plaintiff and other trainees worked more than forty (40) hours during their training week, Defendant refused to pay federally mandated overtime wages for work in excess of forty (40) hours during the training period.

25.     Defendant refused to rectify any of overtime wage violations, even after it became expressly aware of them.

26.     Defendant failed to keep and maintain a complete collection of accurate time records during Plaintiff's employment period.

27.     During his employment with Defendant, Plaintiff (i) performed non-exempt work during his training period; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendant, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

28.     During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

## CLASS ALLEGATIONS

29.     Plaintiff seeks to represent the following collective of employees who have also fallen victim to Defendant's unlawful pay policies:

> **All Instructors who worked for Defendant in Florida who were required to undergo a training period during the previous three (3) years**.

30.     Class members are treated equally and similarly in that they were required to complete a training period of more than 40 hours in one workweek and denied federal overtime wages as a result of Defendant's unlawful policy which failed to pay trainees overtime wages when they worked more forty (40) hours per week during their training period.

31.   Defendant's pay policies uniformly lead to overtime wage violations with respect to each and every instructor trainee who works in excess of forty (40) hours per week during training.

32.   Defendant has employed hundreds of trainees throughout Florida who were not paid federal overtime wages as a result of Defendant's unlawful pay policies.

33.   Plaintiff and members of the collective were subjected to the same employment policies, regardless of their working location, and were unified by Defendant's unlawful payment policies.

34.   Plaintiff and the class members performed the same or similar job duties for Defendant and were not compensated federally mandated overtime wages during the previous three (3) years.

35.   Defendant's records uniformly misrepresent the number of hours actually worked by Plaintiff and the members of the collective.

36.   Defendant further failed to keep accurate time and pay records to designate the *full amount of hours* worked by Plaintiff and other trainees during their training period within the relevant time period.

37.   Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## PLAINTIFF'S TERMINATION

38.     On or about September 12, 2022, Plaintiff raised complaints to Defendant about the unlawful federal overtime policies addressed within this lawsuit.

39.     By submitting these complaints to Defendant the Plaintiff engaged in protected activity under the FLSA.

40.     In direct response to Plaintiff's submission of these complaints, Defendant immediately terminated Plaintiff's employment.

41.     Plaintiff's submission of complaints about Defendant's failure to pay overtime wages was the direct cause of Plaintiff's termination.

42.     Plaintiff has attempted to mitigate his damages.

43.     As a direct result of Defendant's unlawful retaliation, Plaintiff has been damaged in an amount to be proven at trial.

44.     As a result of Defendant's intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS COMMITTED DURING TRAINING PERIODS - 29 U.S.C. § 216(b)

45.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 43 as though set forth fully herein.

46.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

47.     Plaintiff claims the applicable federal overtime wage rate for all weekly hours worked over forty (40) during the training period.

48.     Defendant refused to pay Plaintiff one-and-one-half times his regular hourly rate for hours of work over forty (40) in one or more weeks of his employment.

49.     Defendant knew or should have known of the work Plaintiff performed for Defendant that exceeded 40 hours in certain workweeks.

50.     Defendant failed to rectify any of the federal overtime wage violations described herein, even after Plaintiff told Defendant that Defendant's pay policies were unlawful.

51.     Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

52.     Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

53.     Defendant is individually liable for the FLSA violations committed.

54.   As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JASON HEALEY, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, MARK ALLEN, and award Plaintiff: (a) unliquidated damages payable by Defendant; (b) liquidated damages, payable by Defendant; (c) reasonable attorney's fees and costs, payable by Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II – FLSA RETALIATION
## IN VIOLATION OF 29 U.S.C. § 215(a)(3)
### (Plaintiff, HEALEY, Against Defendant)

55.   Plaintiff re-avers and re-alleges Paragraphs 1 through 44 above, as though fully set forth herein.

56.   Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or caused to be instituted any proceeding under or related to the FLSA.

57.   Plaintiff had a history of excellent work performance during all time periods relevant to his employment with Defendant.

58.    On or about September 12, 2022, Plaintiff raised complaints to Defendant concerning the unlawful federal overtime policies enforced by Defendant that are addressed in this lawsuit.

59.    Plaintiff specifically asserted his right to receive federally mandated wages under the FLSA for certain hours worked.

60.    When Defendant was notified of Plaintiff's complaints, Defendant immediately terminated Plaintiff's employment as punishment for raising these complaints.

61.    A direct causal relationship exists between Plaintiff asserting his rights under the FLSA and the abrupt termination just minutes after Defendant was made aware of these complaints.

62.    Any other justification for termination cited by Defendant is mere pretext in an attempt to cover-up the true intentions behind its actions.

63.    As a direct result of Defendant's conduct, Plaintiff has suffered loss of back pay, loss of future pay, loss of reputation, emotional damages, and has been otherwise damages in amount to be proven at trial.

WHEREFORE, Plaintiff, JASON HEALEY, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, MARK ALLEN, and award Plaintiff: (a) all compensatory, economic, and/or emotional damages arising from Defendant's unlawful retaliation under the FLSA and to be

paid by Defendant; (b) liquidated damages under the FLSA to be paid by Defendant; and (c) all reasonable attorney's fees and costs incurred as permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, JASON HEALEY, demands a trial by jury on all appropriate claims.

**Dated: September 22, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF

on September 22, 2022.

By: */s/ Jordan Richards*

JORDAN RICHARDS, ESQUIRE

Florida Bar No. 108372

## <u>SERVICE LIST:</u>